**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES McMILLAN,** | : | **No. 3:21cv1061** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **INSTEEL WIRE PRODUCTS, CO.,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is United States Magistrate Judge Martin C. Carlson's report and recommendation ("R&R") filed on May 17, 2023. The R&R recommends granting Defendant Insteel Wire Products, Co.'s motion to dismiss and dismissing Plaintiff James McMillan's amended complaint. Plaintiff has filed objections, and the matter is ripe for disposition.[1]

**Background**

Defendant Insteel Wire Products, Co. employed plaintiff, an African American male, as a crane operator beginning in August of 2017. (Doc. 8, Am. Compl. ¶ 11). Defendant promoted plaintiff to the position of machine operator

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

shortly after his employment began. (Id. ¶ 12).  Plaintiff's employer often praised his work ethic and told him to "slow down" his productivity at times. (Id.)

Soon after his promotion, defendant hired a Caucasian woman, Sarah, who refused to work with plaintiff because of his race. (Id. ¶¶ 13-14).  Sarah also exhibited discriminatory animus toward other African American employees. (Id. ¶ 22).  Plaintiff reported this to defendant, but it did nothing regarding Sarah's discriminatory behavior. (Id. ¶¶ 15-16).  In fact, when he complained, plaintiff's supervisor responded by using a racial epithet. (Id. ¶ 17). After his complaints of racial discrimination, plaintiff's supervisors began reprimanding him for poor performance. (Id. ¶¶ 18-19).

Plaintiff then applied for a new position with defendant.  Defendant, however, gave the position to Sarah who lacked the minimum qualifications for the job. (Id. ¶¶ 27-29).  Several weeks later on February 14, 2018, defendant terminated plaintiff's employment on the basis that other employees did not want to work with him. (Id. ¶¶ 30-31).

Plaintiff then hired counsel to file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff approved the charge, which alleges racial and sex-based discrimination and retaliation, in May 2018. However, plaintiff did not file the charge until December 2018. (Docs. 12-1, 12-2).

2

In the meantime, plaintiff filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code on November 30, 2018. (Doc. 12-5). He filed an amended bankruptcy petition on February 15, 2019. (Doc. 12-6). Plaintiff did not include his EEOC discrimination claim as an asset of the bankruptcy estate in either his initial or amended petition for bankruptcy. (Doc. 12 at 4). The parties do not dispute that plaintiff had a duty to disclose the EEOC claim in the bankruptcy proceedings. (Id.) The bankruptcy court discharged the bankruptcy on April 1, 2019. (Doc. 12-7).

On June 16, 2021, plaintiff filed the initial complaint in this case alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act, ("PHRA") and 42 U.S.C. § 1981. (Doc. 1). Plaintiff filed an amended complaint on September 10, 2021 asserting his employment discrimination claims solely under 42 U.S.C. § 1981. (Doc. 8).

Defendant then filed the instant motion to dismiss the amended complaint on September 24, 2021. (Doc. 9). Subsequently, plaintiff petitioned to reopen his bankruptcy proceedings to amend his schedule to include the instant case, and the bankruptcy court granted the petition on September 30, 2021. (Doc. 12-8).

On May 17, 2023, Magistrate Judge Carlson filed the instant R&R regarding the motion to dismiss the amended complaint.  The R&R suggests that plaintiff is judicially estopped from pursuing his discrimination claims under § 1981 as they are identical to the EEOC charge which he failed to disclose in his bankruptcy petition.  Additionally, as the bankruptcy court reopened the bankruptcy case, plaintiff lacks standing to pursue his claim in this court. Accordingly, the R&R recommends dismissing the amended complaint.  Plaintiff filed objections to the R&R on May 31, 2023, (Doc. 20), and defendant filed its opposition brief to the objections on June 14, 2023, (Doc. 23), bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings his claims pursuant to 42 U.S.C. § 1981, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

4

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Where no objections are lodged to portions of the R&R, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Discussion**

The issue in this case centers on plaintiff's failure to disclose his employment discrimination claim in his bankruptcy filing. The Bankruptcy Code requires a bankruptcy petitioner to fully disclose all his assets and liabilities and an estimated value of each. 11 U.S.C. §§ 521(a)(1); 1125(a)-(b); In re Kane, 628 F.3d 631, 636 (3d Cir. 2010). "These disclosure requirements are crucial to the effective functioning of the federal bankruptcy system. Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." In re Kane, 628 F.3d at 636 (quoting

5

Ryan Operations G.P. v. Santiam–Midwest Lumber Co. 81 F.3d 355, 362 (3d Cir.1996)).

"[A] debtor's disclosure obligation extends to 'contingent assets' such as causes of action pursued against another party, Krystal Cadillac[-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.], 337 F.3d [314] at 321[(3d Cir. 2003)], because such disclosure 'allows the trustee and the creditors to determine whether' to pursue these assets 'on the creditors' behalf.' In re Costello, 255 B.R. 110, 113 (Bankr.E.D.N.Y. 2000)." In re Kane, 628 F.3d at 636-37.

Here the parties do not dispute that plaintiff failed to list his EEOC claim on his initial bankruptcy filing.  The R&R suggests that plaintiff acted in bad faith in failing to list this asset.  Accordingly, the instant case should be dismissed as a sanction pursuant to the doctrine of judicial estoppel.  After a careful review, the court agrees.

The judicial estoppel doctrine falls under the court's inherent equitable authority to sanction malfeasance.  Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779 (3d Cir. 2001); Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 108 (3d Cir.1999).  "When properly invoked, judicial estoppel bars a litigant from asserting a position that is inconsistent with one he or she previously took before a court or agency." Id.

6

The law provides the following three requirements for the application of judicial estoppel.

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. See Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir. 1996). Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith – i.e., with intent to play fast and loose with the court." Id. Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. Klein, 185 F.3d at 108 (quotation marks and citation omitted).

Montrose, 243 F.3d at 779-80.

Magistrate Judge Carlson found that each of these three requirements have been met. The R&R thus suggests that judicial estoppel is appropriate. The plaintiff only objects to the finding that he acted in bad faith. (See Doc. 20, Obj., at 4). The court finds no clear error or manifest injustice with regard to the findings with no objections. Therefore, the court will adopt the conclusions that: 1) plaintiff took two irreconcilably inconsistent positions; and 2) judicial estoppel is tailored to address the identified harm and no lesser sanction would adequately remedy the litigant's misconduct. The portions of the R&R dealing with these issues will be adopted, and we will provide a de novo review of bad faith.

The second element of judicial estoppel is that the plaintiff took his position in bad faith. In the setting facing the court, that is a party's failure to list a claim in

a bankruptcy petition, the United States Court of Appeals for the Third Circuit has "concluded that a rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." Krystal Cadillac, 337 F.3d at 321. Accordingly, the bad faith element is met where it is evident that the party had knowledge of the claim prior to the filing of the bankruptcy petition and then failed to fully disclose it in later bankruptcy filings under circumstances where a motive to conceal may be inferred. Id.

The R&R notes that plaintiff concedes that he is judicially estopped from bringing any discrimination claims under Title VII because he never disclosed those claims to the bankruptcy court. (Doc. 12, Pl.'s Oppo. Br. at 5). The R&R takes this as a concession by the plaintiff that all the elements of judicial estoppel, including bad faith, are met. (Doc. 19, R&R at 19).

In his objections, the plaintiff argues that he did not act in bad faith. His good faith is demonstrated by the fact that, when he reopened his bankruptcy case, he amended his bankruptcy schedule to include the discrimination claim. (Doc. 20, Pl.'s Obj. at 5). Plaintiff's position is unconvincing.

As set forth above, plaintiff knew of his discrimination claims as of the date of his termination on February 14, 2018. He filed his bankruptcy petition in November 2018 and amended it in February 2019. He approved his EEOC claim

8

with his attorney on May 18, 2018 and filed the claim in December of 2018. Plaintiff did not disclose his employment discrimination claim in his February 2019 amended bankruptcy petition despite knowing of the claim as early as February 2018, approving the claim in May 2018, and filing the EEOC claim in December 2018.  Rather, plaintiff stated under penalty of perjury that he had no "claims against third parties" or "other contingent and unliquidated claims."  (See Doc. 9-1, Def. Exh. 3, at 61-75, Bankr. Petition Amended February 2019) (when asked whether he had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment  Examples: Accidents, employment disputes, insurance claims, or rights to sue", plaintiff indicated "No"). Plaintiff received a discharge of his debts under 11 U.S.C. § 727 having not disclosed his claim against defendant.  (See Doc. 9, Exh. 5, at 79-82).

On June 16, 2021, plaintiff filed the instant case pursuant to Title VII, the PHRA, and 42 U.S.C. § 1981 based on the same facts alleged in the EEOC charge of May 2018.  (Doc. 1, Compl.).  In September of 2021, he filed an amended complaint pursuant to 42 U.S.C. § 1981 without any material changes except removing references to Title VII and the PHRA.  (Doc. 8, Am. Compl.). Defendant filed the instant motion to dismiss on September 24, 2021 raising the judicial estoppel issue.  (Doc. 9).  Only then did plaintiff move to reopen his bankruptcy petition on September 29, 2021.  (Doc. 11-2, Exh. 6).  He sought to

reopen the case to disclose the complaint against defendant as an unliquidated asset.  (Id.)  Once again on December 21, 2021, plaintiff's bankruptcy petition was closed.  (Doc. 20, at 21).

As noted above: "[A] rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." Krystal Cadillac, 337 F.3d at 321. The court agrees with defendant and the R&R that bad faith can be inferred.

The record demonstrates that plaintiff had knowledge of his discrimination claims and a motive to conceal them from the bankruptcy court.  Plaintiff also knew that his claims against defendant had a potential monetary value and the proceeds of the lawsuit could become available to plaintiff's creditors if part of the bankruptcy estate. See Hardee-Guerra v. Shire Pharma., 737 F. Supp.2d 318 (E.D. Pa. 2010) (finding bad faith under similar circumstances); Castillo v. Coca–Cola Bottling Co. of E. Great Lakes, No. 06–183, 2006 WL 1410045, at *3 (E.D.Pa. May 22, 2006) (holding that plaintiff had a motive to conceal his discrimination claim because "if the claim were made an asset of the bankruptcy estate, any proceeds would be made available to his creditors.").

Plaintiff alleges that the fact that he reopened and amended his bankruptcy petition after defendant raised this issue in its motion to dismiss establishes that

10

he acted in good faith.  Such after-the-fact action, however, without more, does not establish that plaintiff acted in good faith in failing to properly disclose the action initially or in the first amended bankruptcy petition.  Plaintiff provides no justification for failing to disclose the claim in the initial bankruptcy filing or the amended petition or at any other time prior to the issue being raised in the instant action.  Accordingly, plaintiff has not rebutted the inference of bad faith and the bad faith element of judicial estoppel has been met. [2]

## Conclusion

For the reasons set forth above, the plaintiff's objections to the R&R will be overruled.  The R&R will be adopted, and the defendant's motion to dismiss plaintiff's amended complaint will be granted. An appropriate order follows.

**Date:** 1/26/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**

---

[2] The R&R also addresses the issue of whether plaintiff has standing to bring this action.  As we have found dismissal of the case appropriate, we need not address the standing issue.

11